UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NOMA ABEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7715** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION "B"(3)** |

### ORDER & REASONS

Considering Plaintiff Noma Abel's "Memorandum in Support of Plaintiff's Objections to Magistrate Judge's Report and Recommendations" (Rec. Doc. 14),

**IT IS ORDERED** that objections are **OVERRULED** and the Magistrate Judge's report and recommendations are **ADOPTED** as the opinion of the court, (Rec. Doc. 13).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 19, 2015, Plaintiff Noma Abel filed an application for disability insurance benefits (DIB) and supplemental security income (SSI) alleging a disability onset date of November 7, 2013. Rec. Doc. 13 at 1. On June 1, 2017, the Administrative Law Judge (ALJ) determined that Plaintiff is not disabled. Rec. Doc. 13 at 2. The ALJ found that Plaintiff has severe impairments of affective disorder, cervical degenerative disc disease, and lumbar degenerative disc disease, but that these impairments nor a combination of such fail to meet or medically equal a listed impairment under the regulations. *Id*.

1

Plaintiff sought review from the Appeals Council; however, the Appeals Council denied Plaintiff's request on June 22, 2018. *Id*. Plaintiff then filed the instant civil action, in which all parties subsequently filed cross motions for summary judgment. *Id.* at 15. The motions, administrative record, and Magistrate's report and recommendation have been reviewed along with applicable law and regulations. Rec. Doc. 7, 13, and 14.

**LAW AND ANALYSIS**

A district court, when reviewing a disability claim, is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2000) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). If the Court finds substantial evidence to support the decision, then it must uphold the decision. Substantial evidence is that evidence which a "reasonable mind might accept as adequate to support a conclusion." *Carey*, 230 F.3d at 135 (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990)). It is more than a scintilla, but may be less than a preponderance. *Id.* The court considers four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) claimant's subjective evidence of pain and

disability, and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

While the court must review the whole record to determine if substantial evidence exists, it cannot reweigh the evidence in the record, try the issues de novo, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision. The administrative law judge can make any findings that are supported by substantial evidence. *Brown*, 192 F.3d at 496; *Hohmann*, 2018 U.S. Dist. LEXIS 139426 at *9.

"To be considered disabled, a claimant must show that he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Hohmann*, 2018 U.S. Dist. LEXIS 139426 at *9-10 (internal quotation marks omitted). To determine if an impairment prevents a person from engaging in substantial gainful activity, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the

3

claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education, and past work experience. The claimant has the burden of proof under the first four parts of the analysis to show that he or she is disabled. If the claimant is successful, then the burden shifts to the Commissioner at step five to show that the claimant is capable of performing other gainful employment. *Shave v. Apfel*, 238 F.3d 592, 594 (5th Cir. 2001); *Hohmann*, 2018 U.S. Dist. LEXIS 139426 at *10.

### a. The ALJ's Residual Functional Capacity (RFC) finding incorporated all of plaintiff's mental limitations

The ALJ found that plaintiff did not have an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in the appendix to the regulations. Rec. Doc. 13 at 14. The ALJ concluded that plaintiff had affective disorder, cervical degenerative disc disease, and lumbar degenerative disc disease. Rec. Doc. 7-2 at 13. Additionally, the ALJ found:

> All impairments other than those enumerated above, alleged and found in the record, are non-severe or not medically determinable as they have been responsive to treatment, cause no more than minimal vocationally related limitations, have not lasted or are not expected to last at a 'severe' level for a continuous period of 12 months, are not expected to result in death, or have not been properly diagnosed by an acceptable medical source.

Rec. Doc. 7-2 at 14. The ALJ found that as of December 12, 2018, no 12-month period existed during which plaintiff's residual

capacity was not valid. Rec. Doc. 7-2 at 18. Further, after consideration of the evidence, the ALJ found "claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Rec. Doc. 7-2 at 18.

Plaintiff argues that his irritability and agitation were not incorporated into his assessed RFC. However, the ALJ specifically included "all impairments other than those enumerated above, alleged and found in the record" in her assessment of the plaintiff's mental limitations. Rec. Doc. 7-2 at 13. Therefore, this argument is meritless.

### b. Dr. Leia Frickey does not qualify as a treating source and her opinion is inconsistent with the record

In the instant case, the Magistrate Judge found that Dr. Frickey did not qualify as a treating source. Rec. Doc. 14 at 6. A doctor is a treating source when his interaction with a patient creates an "ongoing treatment relationship." *See* 20 C.F.R. §§ 404.1502, 416.902. A treating source physician's medical opinion carries more weight because "they are likely to be the medical professionals most able to provide a detailed, *longitudinal* picture of [plaintiff's] medical impairment." 20 C.F.R. §§

5

404.1527(c)(2); 416.927(c)(2) (emphasis added). Here, Dr. Frickey evaluated the plaintiff six times between November 2013 and April 2014. Rec. Doc. 13 at 6. However, the relevant time period that the Commissioner considered was three and a half years. Rec. Doc. 13 at 6. As such, these encounters did not create the "ongoing treatment relationship" for a longitudinal picture that is necessary to qualify Dr. Frickey as a treating source. *Id*.

Plaintiff further contends that the Magistrate Judge erred in finding that Dr. Leia Frickey's opinion was inconsistent with the record. Rec. Doc. 14 at 1. Dr. Frickey's opinion is inconsistent with subsequent examinations in the record. Specifically, Dr. Frickey noted that plaintiff had full range of motion in his cervical spine, some tenderness, and some limitation in range of motion in his lumbar spine. Rec. 7-7 at 372-73. Dr. Frickey further noted that the plaintiff did not have any work limitations, yet five months after the plaintiff's motor vehicle accident Dr. Frickey stated that plaintiff "could not lift, bend, or stoop whatsoever." Rec. Doc. 7-7 at 358.

Dr. Frickey's examination notes did reveal some pain, aching joints, and some limitation in range of motion, but fail to support her extreme opinion as to the plaintiff's medical condition. Rec. Doc. at 365-75. Therefore, Dr. Frickey directly contradicted her prior statements that the plaintiff did not have any work limitations. Rec. Doc. at 7-7 at 367, 368, 374. Further, "The ALJ

6

is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). Thus, the Magistrate Judge did not err in her opinion in finding that Dr. Frickey's opinion was inconsistent with the record.

Substantial evidence of record and applicable law support the Magistrate Judge's analysis as well as the ALJ's findings. Therefore, the instant social security appeal is dismissed.

New Orleans, Louisiana this 28th day of February, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE